**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

6130 BARNES RIDGEVIEW, LLC, a Colorado limited liability company

    Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,
a Connecticut corporation

    Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant, Travelers Casualty Insurance Company of America ("Travelers"), through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C.COLO.L.Civ.R. 81.1, removes this civil action from the El Paso County District Court, Colorado to the United States District Court for the District of Colorado. As grounds, Travelers states as follows:

1. Travelers is the Defendant in a civil action pending in the El Paso County District Court, Colorado and styled *6130 Barnes Ridgeview, LLC v. Travelers Casualty Company of America*, Case No. 2018 CV 30972. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR. 81.1A, the register of actions and a complete copy of the file from the Denver City and County District Court is attached as **Exhibits A1-A7.**

2. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within one year of the commencement of this action and within thirty days of the date on

which this case first became removable. Plaintiff served the Complaint on Travelers on April 30, 2018. **Exhibit A4,** *Affidavit of Service.* Accordingly, Travelers' thirty-day period for removal commenced on that date, with a corresponding deadline to remove of May 30, 2018.

3. The described civil action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a), as the action is one between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### Diversity of Citizenship

4. Plaintiff is a Colorado corporation with its principal place of business at 43291 W. 74th Avenue, Westminster, Colorado 80030. **Exhibit A1**, *Complaint* at ¶1. Defendant Travelers is a foreign corporation with its principal place of business located in the state of Connecticut. *Id.* at ¶ 2. *See Also Certificate of Fact of Good Standing on File with the Office of the Colorado Secretary of State,* attached as **Exhibit C.** As Plaintiff is a citizen of Colorado and Travelers is a citizen of Connecticut, there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332.

### Amount in Controversy Exceeds Jurisdictional Requirements

5. Plaintiff's Complaint alleges claims for breach of contract, common law bad faith, and statutory bad faith pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116. **Exhibit A1** at ¶¶ 24-42. Plaintiff has filed a civil cover sheet with its Complaint indicating that Plaintiff seeks a monetary judgment in excess of $100,000. **Exhibit A3,** *Civil Cover Sheet. See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016) (civil cover sheet sufficient to demonstrate amount in controversy). In addition, Plaintiff seeks statutory expert witness and attorney's fees pursuant to C.R.S. § 10-3-1116. **Exhibit A1,** *Prayer for Relief* ¶ 4. A reasonable

estimate of the attorney's fees that would be required to litigate this action through trial coupled with the damages plaintiff seeks to recover exceeds the jurisdictional threshold of $75,000. "The Supreme Court has long held that when a state permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933))

6. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Company*, 529 F.3d 947, 956 (10th Cir. 2008). Here, the allegations of Plaintiff's Complaint and the Civil Cover Sheet providing that Plaintiff seeks a monetary judgment in excess of $100,000 demonstrate that the amount in controversy exceeds the $75,000 jurisdictional threshold in 28 U.S.C. § 1332(a).

7. Based on the foregoing, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. Accordingly, the matter is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1446.

8. Promptly upon filing this Notice of Removal, Travelers shall give written notice of the filing to Plaintiff as required by law. Travelers is concurrently filing a notice attaching this Notice of Removal with the Clerk of the El Paso County District Court, Colorado. A copy of that notice is attached hereto as **Exhibit B**.

WHEREFORE, Defendant Travelers requests that this Court accept its Notice of Removal and assume jurisdiction over this action.

Respectfully submitted this 21st day of May, 2018.

        FORAN GLENNON PALANDECH
        PONZI & RUDLOFF PC

        By: *s/Jonathan Koehler*
           Amy M. Samberg
           Jonathan T. Koehler
           1600 Broadway, Ste. 2425
           Denver, Colorado 80202
           Telephone: (720) 336-2243
           asamberg@fgppr.com
           jkoehler@fgppr.com
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 21, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael G. Brownlee, No. 40543
Brownlee & Associates, LLC
70 Benchmark Rd, Suite 205
Avon, CO 81620
(970) 444-5570
michael@brownleelawllc.com

*Attorneys for Plaintiff*

        *s/ Letitia Conroy*
        Letitia Conroy