| **DISTRICT COURT**<br>**EL PASO COUNTY, COLORADO**<br><br>270 S. Tejon / P.O. Box 2980<br>Colorado Springs, Colorado 80901<br>Tel. Phone No.: (719) 452-5000 | DATE FILED: April 20, 2018 5:26 PM<br>FILING ID: FD2A450D9A5D1<br>CASE NUMBER: 2018CV30972 |
|---|---|
| Plaintiff: **6130 BARNES RIDGEVIEW, LLC,** a Colorado limited liability company,<br><br>**v.**<br><br>Defendant: **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA**, a Connecticut corporation. | ▲ **COURT USE ONLY** ▲ |
| <u>Counsel for Plaintiff</u>:<br>Michael G. Brownlee, #40543<br>**BROWNLEE & ASSOCIATES, LLC**<br>70 Benchmark Rd, Suite 205<br>Avon, C0 81620<br>*Mailing address*:<br>P.O. Box 1658<br>Avon, Colorado 81620<br>Office No.: (970) 444-5570<br>Email: michael@brownleelawllc.com | Case Number:<br><br>Div.: Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, 6130 BARNES RIDGEVIEW, LLC, a Colorado limited liability company ("Barnes"), by and through undersigned counsel, Michael G. Brownlee of BROWNLEE & ASSOCIATES, LLC, files this *Complaint and Jury Demand* (the "Complaint") against Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation ("Travelers"), and would show this Honorable Court the following:

## A. PARTIES

1. Plaintiff, 6130 BARNES RIDGEVIEW, LLC, is a Colorado limited liability company whose Principal Street Address is 3291 W 74th Avenue, Westminster, Colorado 80030 and whose Registered Agent is Dan Doan with same address as the Plaintiff, according to the *Articles of Organization* filed by Plaintiff with the COLORADO SECRETARY OF STATE on January 25, 2015.

2. Defendant, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, is a Connecticut corporation who routinely conducts business in Colorado and is registered as a foreign corporation with the COLORADO SECRETARY OF STATE. Defendant has a principal office street address of One Tower Square, Hartford, Connecticut 06183 and can be served via its registered agent, the DIVISION OF INSURANCE, 1560 Broadway, Denver, CO 80202.

## B. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant pursuant to C.R.S § 13-1-124 and the venue of this case is proper in the District Court of El Paso County, Colorado, pursuant to C.R.C.P 98.

## C. RESPONDEAT SUPERIOR AND CONDITIONS PRECEDENT

4. In this Complaint, whenever it is alleged that the Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such act or thing. Such acts or conduct were also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

5. All conditions precedent have occurred or been performed for this lawsuit.

## D. STATEMENT OF FACTS

6. This is an insurance action arising from Travelers' refusal to provide full benefits to Barnes based on a wrongful investigation and improper insurance claim handling.

7. Barnes brings this action seeking economic and non-economic damages related to Travelers' breach of contract, bad faith breach of insurance contract, and statutory claims pursuant to C.R.S. §§ 10-3-115 and 10-3-116, arising from Travelers' failure to properly investigate Barnes' claim and Travelers' unreasonable delay and failure to pay in full covered benefits due and owing to Barnes under its insurance policy.

8. Barnes purchased a Commercial Insurance Policy from Defendant numbered 680 7F669586 (the "Policy") to insure the property at 6130 Barnes Road, Colorado Springs, Colorado 80922 (the "Property") for the policy period of June 1, 2015 to June 1, 2016. The Policy covered losses due to, among other things, damages to the Property caused by hail and windstorms.

9. Barnes purchased coverage benefits from Travelers by making premium payments. In exchange for the premiums paid by Barnes, Travelers promised to perform according to the terms and provisions of the Policy.

10. Under the Policy, Travelers agreed to pay for direct physical loss or damage to the Property caused by risks of direct physical loss or damage unless otherwise limited or excluded and to pay all amounts owed for such losses.

11. On or about July 28, 2016, a hail and windstorm (the "Storm") caused extensive damage to the roof, the interior, and other parts of the Property.

12. Around July of 2016, Barnes reported the loss to the Travelers. Travelers acknowledged the claim and assigned in claim number E7W1839001H.

13. On or about October 13, 2016, Travelers' adjuster, Jayson Stockton, drafted an estimate that valued the loss at $159,266.53. Keeping with the adjuster's estimate, Travelers issued an initial ACV payment of $60,826.99 with an additional $68,415.42 available as recoverable depreciation.

14. Knowing that this amount was far below the true cost to repair the Storm damage to the Property, Barnes then engaged a Colorado licensed public adjuster, Jayson Mullin ("Mr. Mullin") with Commercial Claim Pro ("CCP"), to help adjust the claim with Travelers.

15. After several months with no movement on the claim, Travelers finally reassigned the file to Casey Kucera ("Ms. Kucera"). Ms. Kucera then made contact with CCP and arranged to re-inspect the Property with Plaintiff's roofing consultant.

16. Prior to the re-inspection, CCP provided Ms. Kucera with its estimate to repair the Storm damage. This estimate, dated September 29, 2016, valued the total cost of repairs at $424,921.06.

17. Despite the fact that Ms. Kucera had the time to review the CCP estimate and inspect the roof with a CCP representative, Ms. Kucera found that Mr. Stockton had only undervalued the repair costs by $28,842.67. As a result, Travelers issued a second supplemental payment based on Ms. Kucera's estimate and refused to allow any other repair recommended by CCP.

18. Confused as to why Travelers seemed to be issuing policy benefits from two separate insurance polies covering essentially the same location, on January 15, 2016, Barnes engaged counsel to evaluate the available coverage under the policy.

19. On January 18, 2016, the Travelers issued its revised estimate in the amount of $11,618.12. This amount was completely insufficient to effectuate the needed

repairs from the covered hail and windstorm damage. As a result of Traveler's "low ball," Plaintiff requested yet another re-inspection.

20. After a re-inspection in late 2016, and despite that fact that new information was presented, Defendant issued a denial of the claimed benefits on April 21, 2017.

21. Travelers' actions, including without limitation, are its inadequate and poor investigation of Barnes' roof, its low-balling Barnes' insurance claim, and its unreasonable conduct that has forced Barnes to pursue litigation to recover for a legitimate claim, were done in bad faith and were unreasonable. Additionally, Travelers did not attempt to in good faith to effectuate a prompt, fair, and equitable settlement of Barnes' claim, even after liability became reasonably clear. These actions also constitute a breach of the express duties set forth in the insurance Policy, as well as the implied contractual duties of good faith and fair dealing that Travelers owes to Barnes.

22. Travelers' conduct described above was willful and wanton and done carelessly and recklessly without regard to the consequences of Barnes. Travelers knew or should have known that its actions as described above were unreasonable. Travelers acted unreasonable and with knowledge of, or reckless disregard to, its unreasonableness, and caused damages which resulted from its bad faith.

23. As a direct and proximate result of Travelers' breaches of contract and bad faith conduct, Barnes has incurred damages, injuries and losses in an amount in excess of $424,921.06 for the cost to repair the Storm damage to the roof and other damaged structures. Travelers is also liable to Barnes for damages equal to the actual value of the claim plus two times the covered benefits pursuant to Colorado Revised Statutes, Sections 10-3-1115 and 10-3-1116. All conditions precedent to recovery, if any, have occurred and been satisfied.

## E. CLAIMS FOR RELIEF

### <u>First Claim for Relief</u>
### Breach of Contract

24. Paragraphs 1 through 23 are incorporated by reference as if fully set forth herein.

25. As set forth above, Barnes and Travelers entered into a valid, binding and enforceable contract for insurance which covered the losses alleged herein. Barnes fully complied with all the provisions of the contract, including without limitation paying premiums in a timely fashion and complying with all provisions governing claims and loss.

26. Travelers' underpayment and denial of benefits constituted a wrongful failure to pay Barnes, its insured, for the covered loss under the Policy and constituted a breach of the insurance contract.

27. The insurance Policy issued by Travelers contained an express or implied covenant of good faith and fair dealing.

28. Travelers breached the express and implied terms of the insurance contract by failing to pay the full amount due under the contract and by failing to act reasonably and in good faith in investigating and resolving Barnes' claims.

29. Travelers' breach of the insurance contract was and is the direct cause of damage to Barnes, including, without limitation: (1) loss of Policy benefits owed to indemnify Barnes for the entire loss; (2) costs to repair, restore, and/or replace the significant damage to Barnes' Property, and future costs to remediate such damage; (3) incidental and consequential damages, within the contemplation of the parties in the event of breach; and/or, (4) other expenses incurred as a result of Travelers' breach of its contractual obligations, including costs and fees.

30. As a result of Travelers' breach of contract and refusal to honor the terms of the Policy, Barnes has suffered and continues to suffer damages. Therefore, Barnes is entitled to judgment in its favor and against Travelers, on its First Claim for Relief for compensatory damages for its losses, including prejudgment interest, costs, and reasonable attorneys' fees in accordance with the applicable law.

**Second Claim for Relief**
**Bad Faith Breach of Insurance Contract**

31. Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32. Under Colorado law, Travelers had a duty to act reasonably and in good faith in the handling of Barnes' claim and in the payment of Barnes' insurance claim, including the obligation to act with ordinary, reasonable diligence in investigating the claim submitted by Barnes and in determining the amounts due and owing under the Policy in question, and then pay all amounts due and owing.

33. Travelers overlooked material facts and a more thorough investigation would have produced relevant information.

34. Travelers should have known that its conduct was unreasonable and/or Travelers recklessly disregarded the fact that its conduct was unreasonable.

35. Travelers breached its duty to act reasonably and duty of good faith and fair dealing by, inter alia, (1) failing to conduct a reasonable and timely investigation of the facts and law applicable to this matter; (2) failing to consider all information relevant to the claim; (3) failing to offer to pay Barnes an amount which it otherwise concluded to be a fair and reasonable amount for its losses; (4) favoring its interests to the exclusion of Barnes; (5) failing to effectuate prompt, fair and equitable resolution of Barnes' claim after liability had become clear; (6) compelling Barnes to institute litigation to recover amounts due; and, (7)

otherwise unreasonably and improperly handling Barnes' claim as provided for by C.R.S. § 10-3-1104.

36. Barnes is entitled to judgment in its favor and against Travelers, on its Second Claim for Relief for compensatory damages for its losses, including prejudgment interest, costs, and reasonable attorneys' fees in accordance with the applicable law.

**Third Claim for Relief**

**Statutory Bad Faith under C.R.S §§ 10-3-1113(3), 1115, 1116**

37. Paragraphs 1 through 36 are incorporated by reference as if fully set forth herein.

38. Barnes is, and continues to be, a first-party claimant who is owed benefits as an insured under an insurance Policy with Defendant.

39. Accordingly, Defendant has a statutory duty not to unreasonably delay or deny Policy benefits and payments to Barnes. Defendant has delayed and denied the payment of covered benefits to Plaintiff without a reasonable basis.

40. In breach of its duty to Barnes, Travelers, without a reasonable basis, delayed and denied benefits owed to Barnes by engaging in the following conduct: (1) refusing to timely and fully pay its insured for the full cost of covered damage to the insured premises; (2) misrepresenting pertinent facts and Policy provisions related to coverage at issued by adopting inconsistent and baseless coverage positions; (3) failing to conduct a fair, timely, and thorough investigation of Barnes' claim; (4) conducting a biased and outcome-oriented investigation through the use of third parties; (5) delegating its duty to adjust the loss to an unqualified and/or biased third party; (6) denying coverage based on incorrect facts and unsubstantiated speculation; (7) refusing to reconsider its coverage position, even when facts that undermined the basis of its denial became evident; and, (8) paying less than the full amount owed in the claim thereby forcing the insured to institute litigation, and incur the fees and costs associated therewith, simply to recover what was properly owed.

41. As a direct and proximate result of Travelers' actions, Barnes has: (1) not received all Policy benefits owed to indemnify it for the entire loss; (2) incurred and will incur in the future costs to repair, restore, and/or replace the significant Property damage; (3) suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and, (4) suffered and will continue to suffer other expenses incurred as a result of Travelers' unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including the fees and costs necessary incurred for litigation.

42. Plaintiff is entitled to all remedies allowed by C.R.S §10-3-1113, including two times the covered benefit, reasonable attorneys' fees, prejudgment and post-

judgment interest, and court costs.

## F. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this court:

1. On Barnes' First Claim for Relief, for judgment in its favor and against Defendant, Travelers, for all unpaid covered benefits due under the Policy;

2. On Barnes' Second Claim for Relief, for judgment in its favor and against Defendant, Travelers, for all unpaid covered benefits due under the Policy;

3. On Barnes' Third Claim for Relief, for judgment in its favor and against Defendant, Travelers, for two times the amount of all covered benefits owed under the Policy;

4. Costs, expert witness fees, and attorneys' fees incurred in prosecuting Barnes' claims against Travelers.

5. Other damages resulting from Travelers' bad faith including out-of-pocket expenses, costs of ongoing and exacerbated damages resulting from Travelers' bad faith refusal to pay the full loss and damages to Barnes' Property;

6. Pre- and post-judgment interest;

For such other and further relief as this Court may deem just, equitable, and proper.

**Pursuant to C.R.C.P. 38, Plaintiffs Request**
**Trial by Jury of Six Persons on all Issues**

Dated this 20th day of April, 2018

**BROWNLEE & ASSOCIATES, LLC**

*Per C.R.C.P. 121 §1-26(9) a copy of this document with original signatures is available for inspection upon request at the offices of BROWNLEE & ASSOCIATES, LLC.*

By: */s/ Michael G. Brownlee*
Michael G. Brownlee, #40543
70 Benchmark Rd, Suite 205
Avon, C0 81620
*Mailing address*:

P.O. Box 1658
Avon, Colorado 81620
Office No.: (970) 444-5570
Email: michael@brownleelawllc.com

Plaintiff's Address:

6130 Barnes Road
Colorado Springs, CO 80922