IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01238-PAB

6130 BARNES RIDGEVIEW, LLC, a Colorado limited liability company,

    Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation,

    Defendant.

## ORDER

    This matter is before the Court on defendant's Motion for Leave to Conduct Jurisdictional Discovery [Docket No. 20]. Defendant asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 3.

    On May 25, 2018, the Court ordered defendant to show cause why the case should not be remanded due to the Court's lack of subject matter jurisdiction. Docket No. 17 at 3. The Court found that defendant had not established diversity jurisdiction because it had failed to identify plaintiff's members and the citizenship of those members. *Id.* In its motion for leave, filed on June 5, 2018, defendant states that it has "contacted counsel for Plaintiff to ascertain whether he would voluntarily identify the members of 6130 Barnes Ridgeview, LLC, their residence, and domicile." Docket No. 20 at 2, ¶ 5. Despite several attempts to follow up with plaintiff's counsel, defendant asserts that it has not yet received the requested information. *Id.* Defendant now seeks "leave of Court to issue limited jurisdictional discovery to Plaintiff to ascertain the

identities, residence, and domicile" of plaintiff's members. *Id.* at 2-3, ¶ 6. Defendant also asks that the Court extend the deadline for defendant's response to the show cause order "to a date after Plaintiff's responses to [the requested] discovery come due." *Id.* at 3, ¶ 8.

"[T]he presumption is that [federal courts] lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). When subject matter jurisdiction is challenged, its proponent must prove citizenship by a preponderance of the evidence. *Wallace v. HealthOne*, 79 F. Supp. 2d 1230, 1232 (D. Colo. 2000).

Defendant does not dispute that its allegations are presently insufficient to establish federal jurisdiction. Instead, it requests an extension of time and the Court's authorization to conduct limited discovery on the issue of plaintiff's citizenship. While a district court has the authority to permit discovery in order for a party to prove diversity jurisdiction, such discovery is discretionary. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006) (where party invoking federal jurisdiction has "failed to present to the district court any pleading, evidence, or admission that establishes that it is more likely than not that jurisdiction lies," it is "well within the court's discretion to remand to state court rather than ordering jurisdictional discovery, with the knowledge that later-discovered facts may prompt a second attempt at removal"). Defendant does not cite any authority supporting a right of discovery regarding an

LLC's members. Nor does defendant claim that the denial of jurisdictional discovery will result in any tangible prejudice, such as the denial of a proper forum in which to defend against plaintiff's claims. *See Nancy P. Assad Trust v. Berry Petroleum Co.*, No. 13-cv-00544-PAB, 2013 WL 1151912, at *3 (D. Colo. Mar. 20, 2013) (denying request for jurisdictional discovery where there was "no indication that dismissing [the] case [would] prejudice plaintiff by depriving it of a forum in which to assert its claims").[1] The Court therefore finds that permitting jurisdictional discovery in this case would undermine the well-established rule that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *See Radil*, 384 F.3d at 1224; *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) ("[S]hould the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request. In such a situation, the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had – but did not – before coming through the

---

[1] Courts in this circuit sometimes cite *Sizova v. National Institute of Standards & Technology*, 282 F.3d 1320 (10th Cir. 2002), for the proposition that a litigant is prejudiced by a court's refusal to grant jurisdictional discovery any time "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." 282 F.3d at 1326 (ellipsis omitted) (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)). However, neither *Sizova* nor the Ninth Circuit case it cites establishes a party's right of discovery to establish diversity jurisdiction as a threshold matter. *See Sizova*, 282 F.3d at 1326-28 (holding that district court improperly granted motion to dismiss without allowing for limited jurisdictional discovery on whether plaintiff had exhausted her administrative remedies); *Wells Fargo & Co.*, 556 F.2d at 430 (remanding case to district court for consideration of whether Lanham Act conferred subject matter jurisdiction over defendant's foreign activities). Such a rule would be inconsistent with the presumption that a federal court "lack[s] jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli*, 40 F.3d at 327.

courthouse doors, even though the court would have the inherent power to do so.").

Although the Court denies defendant's request for jurisdictional discovery, the Court will grant defendant a limited extension of time to respond to the Court's show cause order. Wherefore, it is

**ORDERED** that defendant's Motion for Leave to Conduct Jurisdictional Discovery [Docket No. 20] is **DENIED**. It is further

**ORDERED** that defendant shall have until **5:00 p.m.** on **June 18, 2018**, to file a response to the Court's May 25, 2018 show cause order.

DATED June 12, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge